IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **v.** | * | **CRIMINAL CASE NO. PWG-11-157** |
| | * | **(Civil Case No.: PWG-13-2193)**[1] |
| **CALEB K. OTSIBAH** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Defendant was charged in a multiple-count indictment, ECF No. 51, and entered a guilty plea as to four of the counts: conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349; bank fraud, in violation of 18 U.S.C. § 1344; and aggravated identity theft, in violation of 18 U.S.C § 1028A. Rearr. Minutes, ECF No. 155; Plea Agr., ECF No. 156. The remaining counts were dismissed. Sentencing Minutes, ECF No. 229; Gov't Resp. 1, ECF No. 306. Defendant was sentenced to sixty-six months' incarceration, which included forty-two months on the bank fraud charges, to run consecutive to a mandatory twenty-four months on the identity theft charge. Def.'s Mot. 4; Gov't Resp. 1. I must determine whether to vacate, set aside or correct the sentence based on the allegedly ineffective assistance of counsel that Defendant insists he received from Richard Finci, Esquire and John Iwanoge, Esquire.[2] Because Mr. Finci never entered his appearance on Defendant's behalf or influenced the performance of the attorneys

---

[1] The ECF Numbers cited herein refer to the documents filed in Defendant's criminal case.

[2] Defendant has submitted a Motion to Vacate, Set Aside or Correct Sentence, ECF No. 291, which has been fully briefed, ECF Nos. 291-1, 306, 315, 321 & 322. A hearing is not necessary. *See* Loc. R. 105.6. Defendant's Motion is unsigned and therefore would be subject to being stricken under Fed. R. Civ. P. 11(a) if Defendant failed to correct the omission promptly upon notice from the Court. *See* Fed. R. Civ. P. 11(a). Instead, Defendant's Motion is denied on substantive grounds for the reasons stated in this Memorandum.

who did enter their appearances, I conclude that his representation cannot be the basis for the relief Defendant seeks. Additionally, because Mr. Iweanoge's performance was reasonable and the wrongs that Defendant perceives caused no prejudice, I conclude that his representation, also, does not support Defendant's claim of ineffective assistance of counsel. Therefore, I am denying Defendant's Motion to Vacate, Set Aside or Correct Sentence.

I. DISCUSSION

28 U.S.C. § 2255(a) permits a prisoner to file a motion to vacate, set aside or correct his sentence on the ground that it "was imposed in violation of the Constitution or laws of the United States . . . ." The prisoner must prove his case by a preponderance of the evidence. *Brown v. United States*, Civil No. DKC-10-2569 & Crim. No. DKC-08-529, 2013 WL 4562276, at *5 (D. Md. Aug. 27, 2013). If the court finds for the prisoner, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). Although "a *pro se* movant is entitled to have his arguments reviewed with appropriate deference," the court may summarily deny the motion without a hearing "if the § 2255 motion, along with the files and records of the case, conclusively shows that [the prisoner] is not entitled to relief." *Brown*, 2013 WL 4562276, at *5 (citing *Gordon v. Leeke*, 574 F.2d 1147, 1151–53 (4th Cir.1978); 28 U.S.C. § 2255(b)).

To prevail on a claim of ineffective assistance of counsel as the alleged Constitutional violation,

> a petitioner must show that counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, and that he was prejudiced thereby. *Strickland v. Washington*, 466 U.S. 668, 687–91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. *Id*. at 689; *see also Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1297–99 (4th Cir. 1992). Furthermore, the petitioner "bears the burden of proving *Strickland* prejudice."

2

> *Fields*, 956 F.2d at 1297. "If the petitioner fails to meet this burden, a reviewing court need not consider the performance prong." *Fields*, 956 F.2d at 1297 (citing *Strickland*, 466 U.S. at 697). In considering the prejudice prong of the analysis, the Court may not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome would have been different. *Sexton v. French*, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under ... *Strickland* if the 'result of the proceeding was fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhard v. Fretwell*, 506 U.S. 364, 369 (1993)).

*United States v. Lomax*, Civil No. WMN-13-2375 & Crim. No. WMN-10-145, 2014 WL 1340065, at *2 (D. Md. Apr. 2, 2014). "When a petitioner alleges ineffective assistance of counsel following the entry of a guilty plea, he 'must show that there is a reasonable probability that, but for counsel's errors, [he] would not have pleaded guilty and would have insisted on going to trial.'" *United States v. Fabian*, 798 F. Supp. 2d 647, 670–71 (D. Md. 2011) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

**A. Representation of Mr. Finci – Advice to Reject Plea Agreement**

Defendant alleges that, while Federal Public Defender Joe Conte represented him, he "was in consultation with Attorney Richard F[i]nci," who, according to Defendant "advised [him] to reject the plea agreement" that the Government first presented, under which Defendant allegedly would have "receive[d] [an aggregate] sentence of 54 Months imprisonment." Def.'s Mot. 4. Defendant contends that he "retain[ed] Mr. F[i]nci, and took his advice and rejected the plea agreement under the mistaken belief that the Aggravated Identity Theft charge would be dropped or dismissed." *Id.* Defendant asserts that "[a]fter a few months Mr. F[i]nci had to withdraw as [his] counsel due to a potential conflict of interest." *Id.*

The Government counters that "[n]o such plea was ever offered to the defendant," and that "no plea agreement was ever offered to defendant during the time that he claimed he was represented by Mr. Finci." Gov't Supp. Resp. 2. In response, Defendant provides Mr. Finci's

signed retainer agreement, which is dated March 14, 2011 and refers to Case No. 11-mj-00899, which was the number for this case at the time of Defendant's initial appearance on March 3, 2011 and his detention hearing on March 15, 2011, *see* Minutes, ECF No. 14; Det. Hr'g Minutes, ECF No. 43. ECF No. 322-1. Defendant claims that Mr. Finci represented him for "[a]pproximately 2 months," Def.'s Mem. 2, or "a few months," Def.'s Mot. 4. Yet, Mr. Conte represented Defendant at his detention hearing, *see* Det. Hr'g Minutes, and at his arraignment and detention hearing on March 24, 2011, ECF No. 57, and continued to file motions on Defendant's behalf into November 2011, *see* ECF Nos. 92 & 125. Moreover, Defendant has not shown that the Government offered him a plea agreement under which he would receive a fifty-four month sentence or that he received that agreement during the time he retained Mr. Finci. *See Brown*, 2013 WL 4562276, at *5.

Additionally, the Government argues that "Richard Finci was never defendant's counsel of record, nor did he appear in court on his behalf," such that "any claim by defendant related to Mr. Finci would not be cognizable under an ineffective assistance of counsel claim for the simple reason that he was never his trial counsel." Gov't Supp. Resp. 2. Defendant concedes that "Mr. Finci never formally became [his] counsel of record," but maintains nonetheless that "Mr. Finci was retained as counsel during the contested period of time." Def.'s Reply to Supp. Resp. 1. Because Mr. Finci never entered his appearance in this case and Defendant has not shown that Mr. Finci influenced the performance of the attorneys who did appear on Defendant's behalf, Defendant cannot base his claim for ineffective assistance of counsel on Mr. Finci's services. *See Stoia v. United States*, 22 F.3d 766, 768 (7th Cir. 1994) (concluding that, although "[a]n attorney's constitutional ineffectiveness can manifest itself at trial even though the attorney never appears in court," the attorney's performance must impact court proceedings for defendant to

have a claim for ineffective assistance, because "a defendant's constitutional right to effective assistance of counsel does not extend to those cases where a non-appearing attorney . . . is retained by the defendant but his . . . deficient performance is not reflected in the conduct of the defense at trial"); *United States v. Martini*, 31 F.3d 781, 782–83 (9th Cir. 1994) ("The Sixth Amendment right to effective assistance of counsel guaranteed under *Strickland v. Washington*, 466 U.S. 668 (1984), does not include the right to receive good advice from every lawyer a criminal defendant consults about his case. Instead, it comprises only the right to the effective assistance of the counsel guaranteed by the Sixth Amendment—that is, the counsel who represents the criminal defendant and helps to prepare his defense. *See id.* at 687 (describing the inquiry as whether counsel was 'functioning as the "counsel" guaranteed the defendant by the Sixth Amendment'). If a criminal defendant in fact receives effective assistance of counsel from the lawyer he has retained to meet the prosecution's case, he cannot later claim that he received ineffective assistance of counsel from another lawyer he chose to consult."). Consequently, Defendant has not proven that he received ineffective assistance of counsel from Mr. Finci. *See Brown*, 2013 WL 4562276, at *5; *see also Strickland*, 466 U.S. at 687–91.

**B. Representation of John Iweanoge – Failure to Challenge Aggravated Identity Theft Charge**

In Defendant's view, the count for aggravated identity theft "was improperly added to [his] indictment," and "there are mitigating fac[to]rs which could have led to the charge being dismissed." Def.'s Mot. 5. Specifically, he contends that he did not have the necessary *mens rea*. *See id.* He claims that Mr. Iweanoge's assistance was ineffective because he did "not pursu[e] th[e] potentially beneficial strategy" of asking the Court to dismiss that charge. *Id.*; Def.'s Mem. 5. Yet, at his rearraignment, Defendant testified that he understood the elements of aggravated identity theft, including that his use, transfer or possession of another's identification

5

was done "knowingly," and that the Government would have to prove each element at trial. Tr. 10:19 – 11:9, ECF No. 294. He also testified that he agreed with the facts that the Court read into the record, including that he

> provided the identifiers of an individual with the initials M.A. to a co-conspirator to create a false identity, knowing that M.A. was a real person. [The co-conspirator] used the M.A. identity to open a Direct TV account. And Otsibah ordered service from this account, knowing that the Direct TV service was held in the name of M.A. Defendant Otsibah and [the co-conspirator] also used the M.A. identity to cash checks written off of accounts controlled by other co-conspirators to gain fraudulently obtained funds.

Tr. 31:6–14. Further, he testified that he and Mr. Iweanoge had discussed whether to go to trial and that he was "satisfied with the legal services that Mr. Iweanoge ha[d] provided [him]," which he said "really helped" him. Tr. 24:11–24. Without any evidence to the contrary, Defendant certainly has not overcome the "strong presumption that counsel's conduct was within the wide range of reasonable professional assistance" to show that Mr. Iweanoge's failure to move to dismiss the aggravated identity theft charge "was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, and that he was prejudiced thereby." *Lomax*, 2014 WL 1340065, at *2; *see Strickland*, 466 U.S. at 687–91. Nor has he demonstrated "'a reasonable probability that, but for counsel's errors, [he] would not have pleaded guilty and would have insisted on going to trial.'" *Fabian*, 798 F. Supp. 2d at 670–71 (quoting *Hill*, 474 U.S. at 59). Consequently, Defendant has not proven that he received ineffective assistance of counsel from Mr. Iweanoge on this ground. *See Strickland*, 466 U.S. at 687–91; *Brown*, 2013 WL 4562276, at *5.

### C. Representation of John Iweanoge – Failure to File Appeal

Defendant's final contention is that Mr. Iweanoge provided ineffective assistance of counsel because he did not file an appeal when Defendant "did not agree with the sentence as it

6

was rendered, and . . . voiced [his] displeasure to counsel." Def.'s Mot. 7. He argues that "grounds could have been raised on appeal which could have prevailed, had Mr. Iweanoge had any intent in following through on this matter." Def.'s Mem. 5. But, the plea agreement that Defendant signed provided:

> Waiver of Appeal
>
> 15. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:
> . . .
> b. The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment . . . and term or condition of supervised release), <u>except</u> as follows: (1) the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds the aggregate of a sentence within the advisory guidelines range resulting from an adjusted base offense level of 23 as to Counts One, Eight and Eleven and a two-year consecutive sentence as to Count Fourteen . . . .

Plea Agr. ¶ 15. Moreover, at the rearraignment, the following colloquy ensued:

> THE COURT: And then as a waiver of appeal, essentially we are looking this 46 to 57 months as to counts 1, 8, and 11, and an additional 24 months consecutive sentence. And if I sentence you within those ranges -- so let's look at it -- 46 to 57, and this will add 24 to 57, let's see, that is a possible 81 months. Do you see that?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Now, if I give you a sentence that does not exceed 81 months, then you will not have any right to appeal. And if I give a sentence is 46 and 24 – let's see, that is 70. So if I don't give anything less than 70, the Government cannot appeal.
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: So if I give anything between a total of 70 and 81 months, then neither you nor the Government would have any rights to appeal.
>
> THE DEFENDANT: Yes, Your Honor.

7

| THE COURT: | All right. As long as it is a legal sentence, then you are giving up your rights to appeal. Is that clear to you, sir? |
|---|---|
| THE DEFENDANT: | Yes, Your Honor. |

Tr. 20:24 – 21:20. Thus, as the Government noted, *see* Gov't Resp. 10, Defendant did not have the right to appeal a sentence of eighty-one months or fewer, and the Court informed Defendant of the same, *see* Tr. 20:24 – 21:20. Therefore, Defendant has not proven that it was unreasonable for Mr. Iweanoge not to file an appeal or that he was prejudiced by Mr. Iweanoge's performance. *See Strickland*, 466 U.S. at 687–91; *Lomax*, 2014 WL 1340065, at *2. Consequently, Defendant has not proven that he received ineffective assistance of counsel from Mr. Iweanoge on this ground either. *See Strickland*, 466 U.S. at 687–91; *Brown*, 2013 WL 4562276, at *5.

## II. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. §§ 2254 or 2255 provides that the court must "issue or deny a certificate of appealability when it enters a final order adverse to the petitioner." *Brown*, 2013 WL 4562276, at *10. This certificate "is a 'jurisdictional prerequisite' to an appeal from the court's order" that "may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" *Id.* (quoting 28 U.S.C. § 2253(c)(2) and citing *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007)). A prisoner makes this showing "[w]here the court denies a petitioner's motion on its merits . . . by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong." *Id.* (citing *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Because Mr. Otsibah has not shown that a reasonable jury "would find the court's assessment of the constitutional claim[] debatable or wrong," and therefore has not made a substantial showing that his Constitutional rights were

denied, this Court will not issue a certificate of appealability. *See id.*; 28 U.S.C. § 2253(c)(2). *Miller-El*, 537 U.S. at 336–38; *Slack*, 529 U.S. at 484. However, this ruling does not preclude Mr. Otsibah from seeking a certificate of appealability from the Fourth Circuit. *See* 4th Cir. Loc. R. 22(b)(1).

## III. CONCLUSION

Defendant's Motion to Vacate, Set Aside or Correct Sentence is DENIED. This Memorandum Opinion and Order disposes of ECF No. 291 in Criminal No. PWG-11-157.

The Clerk is directed to file a copy of this Memorandum Opinion and Order in Criminal No. PWG-11-157 and Civil Action No. PWG-13-2193, to MAIL a copy of it to Defendant, and to CLOSE Civil Action No. PWG-13-2193.

Dated: April 16, 2014                                /S/
                                                     Paul W. Grimm
                                                     United States District Judge

lyb